Judge McHugh, I think I sent you a Zoom link so we can conference afterwards and when we're done, I'll check in and we'll set a time for when you can call in for that. Okay, I think everybody's aware of our COVID protocols. Welcome here. Let's go ahead and get started. The first case, which is 20-3219, Tavernaro v. Pioneer Credit. And Mr. Roberts, you're first as the appellant. Yes, good morning, Your Honor. Can you hear me okay? We can, you may proceed. Thank you. I'm Chris Roberts for Appellant Jason Tavernaro. May it please the Court. The Fair Debt Collection Practices Act is a remedial statute. The purpose of that statute is to protect consumers from false, deceptive, or misleading debt collection practices undertaken by debt collectors. That statute, designed to protect consumers, is viewed through the lens of the least sophisticated consumer. More importantly, a debt collector must strictly comply with the edicts of the Fair Debt Collection Practices Act. In dismissing an appellant's complaint, the district court adopted a position that has never been adopted by any court. That is, that a debt collector, in attempting to collect a debt that never discloses its identity as a debt collector, does not violate the Fair Debt Collection Practices Act. It is a fundamental tenet of the Fair Debt Collection Practices Act that a debt collector discloses identity to the consumer so that the consumer can appropriately determine their response. The district court erred in dismissing an appellant's complaint for two primary reasons. Well, isn't Pioneer's name and address, phone numbers all over the letter? How could even the least sophisticated consumer be deceived by this communication? Judge, the letterhead prominently displays the logo of ECMC and ECMC's address. The first page of this correspondence also says, and this is a critical point, that this is an attempt to collect a debt from a debt collector. Any information obtained will be used for that purpose. The only reference on that first page is to ECMC. In fact, if you look at the remaining correspondence, all seven pages of it, there is no affirmative representation in that correspondence that Pioneer is acting as the debt collector. The consumer is left with the indelible impression that the debt collector is ECMC. That's also highlighted in the fact that the signature line identifies ECMC. Tell me how that deceives anybody. I'm sorry? ECMC owns the debt, correct? That's correct. And Pioneer is collecting the debt. And I'm just trying to understand. Maybe this goes to the notion of materiality, but how is there anything in there that would confuse or deceive a debtor? Well, the debtor does not know to whom they should frame their response. So, the purpose of the FBCPA is to allow the consumer to, for example, dispute a debt, to request validation of that debt, things of that nature. However, for the consumer to be able to do that, they have to know who is the debt collector. It says right in here, if you have any questions regarding this matter, please call and have a number or send correspondence to Pioneer. So, they're given a pretty clear direction on who they should send any inquiries to. And it also says Pioneer Credit Recovery is assisting ECMC with the administrative activities associated with the garnishment. So, I mean, even the least sophisticated debtor has to read what's sent to them, don't they? They do. But if they read what is sent to them, Judge McHugh, for example, they would think if they wanted to invoke their rights under the Fair Debt Collection Practices Act, they have no idea who the debt collector is. It references administrative activity with Pioneer Credit Recovery, but the consumer, especially the least sophisticated consumer, has no idea what that means. If they look at the letterhead, if they look at the signature line, they are left with the indelible impression that the debt collector is ECMC. In reality, it is not. And so the consumer is the material, the misrepresentation of the material because the consumer does not know to whom they should frame their response. There are certainly references to Pioneer Credit Recovery in the context of this correspondence. None of that, no reference anywhere in the correspondence affirmatively identifies Pioneer Credit Recovery as the debt collector. The first page, which states this is from a debt collector, only identifies ECMC. And when we go back to the plain language of the FDCPA, and particularly the true name provision, the true name provision states in connection with the collection of any debt, the business, the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization cannot be used or it's a violation of the FDCPA. Here, what we're left with is the impression again that ECMC is the debt collector and it's not. Do you concede that any violation has to be material? Yes, a violation does need to be material. And by material, that means it has the potential to frustrate the consumer's ability to respond to the debt collector. And again, Judge McHugh, because the consumer in this case has no idea who the debt collector is, there's no affirmative statement in that correspondence. And I encourage your honors to go back and look at that correspondence. There is no affirmative representation that the debt collector is pioneering credit recovery. That frustrates the consumer, especially the least sophisticated consumer's ability to appropriately respond. Let me ask you about this least sophisticated consumer. That language isn't in the statute, is it? It is not. So how do you conceive of that? As someone who's illiterate, would that be? Certainly the least sophisticated consumer would be an illiterate consumer. Isn't that right? That is not the standard that's been adopted. Okay, so what do you mean by least sophisticated? Someone who can't read what is clearly in there saying who to contact if you have any questions or who you should contact to pay? That's too high a standard to require that? That's not the least sophisticated consumer? The least sophisticated consumer, your honor, is obviously, I think what the cases say, is not somebody with the astuteness, I don't know why they use this language, but of a Philadelphia lawyer, but somebody. Well, it sounds like it wasn't. No, no, no, no. It sounds like you're saying it is someone with the astuteness of a Philadelphia lawyer, someone who can read something that's plain on its face to mean something different from what it says. That's what you're assuming. Respectfully, Judge, the problem here is that it's not plain on its face, because if you go back and look, there is no affirmative statement anywhere in that correspondence that states that the debt collector is Pioneer Credit Recovery. It says Pioneer Credit. Let me just read this sentence that Judge McHugh read earlier. Pioneer Debt Credit Recovery Inc. is assisting ECMC with administrative activities associated with this administrative wage garnishment. Please remit payments payable to Pioneer Credit at the following address. And then a couple sentences later, it gives a phone number to call. Now, who but a Philadelphia lawyer would think that that's confusing? Judge, again, what is administrative? Who is acting as the debt collector? If you go to the first page, if you go to the first page of the correspondence, it says, this is on intent by a debt collector to collect a debt. Any information obtained will be used for that purpose. When we look at the first sentence of the first page, it says, Educational Credit Management Corporation, ECMC, is the holder of the default and federally insured student loan owed, right? So they've identified who ECMC is. And then as Judge Hart just indicated, on the very next page, it explains that Pioneer is assisting with the garnishment proceedings. I mean, I don't see a violation at all, let alone a material violation here. But what does assisting with garnishment proceedings mean? How is your client affected negatively? How are they prejudiced by not having an explanation, a footnote that says, assisting with garnishment proceedings means that we may place this in the mail and we may keep track of the payments made on this. I mean, I just don't see it. Fundamentally, Judge, the way that the client is harmed is they do not know to whom, for example, they should dispute the debt. And we do dispute the debt, and that's been alleged in the complaint. What else then? Contact Pioneer. I mean, it says, if you have any questions regarding this matter, here's who you call, here's the address. I mean, I guess, you know, I don't want to disparage Philadelphia lawyers, but I have a hard time seeing how this is a material misrepresentation that constitutes a violation of the Act. But there is no representation to the consumer, and there's been no court in this country where there's no representation to the consumer of who is attempting to collect this debt, affirmatively identifying the entity as the debt collector. Well, I just read the sentence to you. It does not identify them as the debt collector. It says they own the debt, is the holder of the debt. However. And then it says Pioneer is helping them collect on the debt. I mean, I guess your idea of the least sophisticated borrower is you have a very low opinion of their ability to read and understand words on a page. I respectfully disagree, Judge. There's no affirmative representation that that's a debt collector. The holder of the debt can be a debt collector. For example, a debt buyer who holds the debt can be a debt collector. In that case, they have to disclose their identity as a debt collector. Here, there is no affirmative representation that this corresponds to the debt collector. And also, if I may, I'd like to reserve three minutes of my time. Let me follow up. I mean, I don't think we're going to write an opinion adopting the Philadelphia lawyer definition for least sophisticated consumer. The Supreme Court hasn't weighed in. A lot of the other circuits have. But what's the meaning of the phrase that you want us to adopt in the Tenth Circuit? Give me the definition of the least sophisticated consumer. So the least sophisticated consumer is somebody that obviously they read it with care, but they are somebody that's not a lawyer, and they are somebody that basically has an objective view of what the letter says that appropriately directs their rights. It's not somebody that's a lawyer. It's not somebody that's illiterate or can't read. It's somebody in between from a reasonable perspective. How about an objective median consumer? That would be somebody right in the middle between somebody that's illiterate and somebody that's Harvard Law. Well, I think what the cases have said is a little bit lower than that, and the reason for that is because the FDCPA is a remedial statute, and the purpose of which is to protect the consumer's rights. And so I think objectively it can't lend to an absurd interpretation. And what I would respectfully argue here, Judge, is that our position is not. All we would say is it's very clear, it's very easy for Pioneer to have complied with the FDCPA in this case. And the way to do so is to affirmatively state, especially on the first page of that letter, Pioneer Credit Recovery is a debt collector. We are assisting with administrative activities, et cetera. They don't think that. They say this is an attempt to collect the debt. Any information can be used for that purpose. Never say that that's Pioneer Credit Recovery. If I may, I'd like to refer to the mic. You may. And before we start with Ms. Simonetti, Kevin, is there a way to adjust the volume on the bench speakers? Can I do it or is it something that you have to do? No, I have to do it. Okay. Just one click. My ears are poor but not that poor. Are you okay? It's a little loud. It's a little loud. I'll give you a hand signal if I want it to go down further. Okay, so we have all this technology, but you can't, you know, hire a third person. Right. All right, well, let's hear from the Apley. Ms. Simonetti, you may proceed. Thank you, Your Honor. Good morning. I'm Lisa Simonetti for Apley Pioneer Credit Recovery. Amy, we did not request oral argument in this matter because we think it's extremely simple and straightforward. This report read this document as a whole. Many of the points that I was going to make you have already made. I think that this language is clear enough for the least sophisticated consumer. It doesn't contain the words debt collector, but I don't know that that would really add anything to the overall context. I think that an ordinary consumer knows that a wage garnishment is debt collection and they understand what that is. So I really have no affirmative comments to make at this point. Is there anything that you would like me to address? How would you define the unsophisticated consumer test? I think the unsophisticated consumer is someone who probably lacks, you know, formal education, but has an understanding of the real world. And so when that person receives a document that looks like this, that talks about a defaulted debt and wage garnishments, and please contact this company if you have questions or to make payments, I think that's what a least sophisticated consumer can understand very readily. How about a definition? A definition. Because both of you have given us a pretty nebulous standard. Examples, right, right. So a least sophisticated consumer is a consumer who has real world experience and no moral path. I would say that's not very artful language. I didn't think about how to draft it in a statute, but I think that's the person that you're aiming for, the person who, you know, I don't know what kind of legal question. Is that a legal question or a fact question? Well, I think it's probably a mixed question. But I don't think it's a high standard. I agree with counsel on that. But it can't be that plain words on paper don't have the meaning that they have. There's nothing in this notice, aside from citations to statutes that, you know, would be outside the realm of ordinary reading. People who can read the newspaper, people who can read magazines, can read this notice and understand what it means. Is there anything in the statute or the regulation that requires the order of withholding from earnings to identify the debt collector specifically? No. No, not that I'm aware of. No. This order on its face is compliant. And I think that the district court went through the regulations and found that it was compliant. It is legally sufficient. And in fact, it cannot contain any representations that would suggest that ECMC is not the owner and that there's any other owner. It has to be formulated in this way to comply. Is the address on the first page of the letter at the bottom, is that Pioneer's address or is that ECMC's address? The Rocky River North Monroe, North Carolina. You know, I'm actually not sure what that address is. I know that the address at the upper right is Pioneer's. And I apologize for that. Perry, New York. Okay. Perry, New York. Addresses in New York belong to Pioneer's. Oh, I'm sorry. This is the employer at the bottom left. No, no, no. No, about that. Rocky? Rocky. I'm not aware of anyone associated with North Carolina. All right. And then I guess finally, in your papers,  That's required language from the statute of regulation. Is there anything in the record that establishes authorship? No, since we're at the motion to dismiss stage. No, there's not. Okay. One thing that opposing counsel said that I hadn't thought of before was there's nothing in these letters that tells the debtor how to contest the debt. Is that required and shouldn't the debtor know when there's garnishment actions underway that they can challenge the debt and how to go about that? What's the law? What do the regs say about that? So there's a separate notice that would have gone out with the FDCA. It's a validation notice. That is sent earlier in time to this notice. This is much further along in the process where the borrower is actually subject to garnishment. But in connection with collections, the first notice that goes out is for the debtor to contest the debt. But having said that, if the borrower called this number or sent in a letter or did anything in response to this, you know, they would certainly hear an objection to the debt at any point in time. But that would be outside the scope of the statute. So how was the challenge, if there had been a challenge to the debt, how would that have been resolved before this order is sent out? A validation notice is evaluated in a pretty short time frame. I want to say maybe it's 30 days. I'd have to go back and look. But the debt is reviewed and the contest is reviewed. By the creditor. The creditor. By the creditor. The collection agency only knows what the creditor tells them. So the creditor has to confirm the debt through whatever means it has. So we assume that we've gone past that by the time this order is issued. Is that right? I would think so. I didn't look at anything related to this borrower before this point in time, and I don't know what we would have since we're just the debt collector. But that is generally the process, correct? Well, how does the debtor know that it can, he, she, or it, can challenge this garnishment by challenging the validity of the debt? I don't think that there's anything in the garnishment process that relates to a statutory ability to contest at this point. I think that's outside the scope of this situation at this point in time. But as a practical matter, if there was something wrong with the debt and the consumer contacted the debt collector, he can certainly raise that. But I'm not sure what technical rights he would have at that point in time. Because garnishment does take place, well, when this order, I think the borrower, he's at least 270 days delinquent. So this would not be the first he's heard about this delinquent debt by any means. Has there been any court decision at this point? No. There wouldn't be a court decision, and there would be no court decision at all. I see nothing in the record or any suggestion otherwise that there was any collection matter filed against this individual. No. And that's not the way that it would typically work. Well, the way it would work then is the debtor would go to court to challenge it. Is that right? The debtor could. But the debtor first off would get that ability to challenge the debt through getting a validation notice. Okay. So the first collection company would send a letter saying you owe a debt. If you want to contest, this is what you do. And then he would have that opportunity at that point in time. But he could also always sue if he wanted to. Okay. Thank you. So during the validation notice process, they're informed in the documents they get of their rights to challenge the underlying debt. That's correct. It's a different section of the FDC. Okay. Thank you, counsel. If you have nothing else, we'll turn it over for your rebuttal. Kevin, would you give Mr. Roberts two minutes and 30 seconds, please? May I start? I'm sorry, I don't see a time on my screen. I'll give us a second. There we go. Thank you. Can you see that? Yes, thank you very much. You may proceed. Judge Hartz, you raised a very critical point. Validation is critical in this context. What you heard opposing counsel say is that the first time that Pioneer would have been involved was at this correspondence. The FDCPA provides that the validation, and that's 1692G, must be provided by each debt collector. Just because it's provided by another debt collector prior in time does not mean that that validation extends through the entirety of the debt. If there's a second debt collector, that debt collector, too, has to send the validation notice. I don't remember this argument in your briefing on appeal. Was it there? This issue has not been raised. I'm addressing the issue in terms of why this is material, because it frustrates the consumer's ability to respond. Again, the consumer is left with no impression other than the debt collector's ECMC, and that is to whom we should dispute this debt. The consumer has the right to dispute the debt. The consumer has the right to request validation of the debt under the Fair Debt Collection Practices Act, because it's not clear for the consumer, even under the objective standard that this is a debt collector, Pioneer is acting as a debt collector. That frustrates the consumer's ability to respond. And I agree that it is amorphous. What is the least sophisticated consumer? I mean, the way the courts have described it is it's lower than the average, but it protects the gullible as well as the shrew. There's a quotient of reasonableness presumes a basic level of understanding. But the basic level of understanding reading this correspondence is that the debt collector is Pioneer. Opposing counsel also said, well, a consumer knows that if it's a garnishment, it's a debt collection activity. There's a difference between a debt collection activity and a debt collector. A creditor can try to collect the debt, but different rights are invoked under the Fair Debt Collection Practices Act when a debt collector is trying to collect those debts. The problem here, again, is that we do not know who precisely the debt collector is, and for those reasons, Your Honor, I respectfully request that the trial court's judgment be reversed. Thank you so much. Thank you, counsel. We appreciate your arguments remotely. I think that worked fine. Before I drop you off, were you able to hear, was the sound quality and the video quality adequate for our remote counsel? Yes, Your Honor. Definitely. Yeah, it's just fine. Okay. May I mention, it's not synced, though. The picture and the voice are not synced. I don't know. We see counsel starting to talk before we hear them. It didn't really affect things, but that's something to look into if you would. Yeah, it might be too many people listening to the meeting. All right. Counsel, you're excused. The case is submitted. Thanks for your arguments this morning. Thank you. Okay. Our next argument is Wilson v. Schlumberger 21-1231. And Mr. Lombardi is here in person. We're both here in person. Mr. Brazil is here in person. Okay.